DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pickaway County Common Pleas Court judgment of conviction and sentence. The jury found Anthony Hill, defendant below and appellant herein, guilty of receiving stolen property in violation of R.C. 2913.51. The following error is assigned for our review:
 {¶ 2} "A trial court errs in violation of the Ohio and United States Constitutions by failing to grant defendant's Crim. R. 29 motion for directed verdict in a receiving stolen property case when there is insufficient evidence that the property in question was stolen."
 {¶ 3} A brief summary of the facts pertinent to this appeal is as follows. On January 29, 2002 at approximately 10:00 a.m., Kevin Dillard of the State Highway Patrol "clocked" a 2000 Ford Explorer SUV at 76 miles per hour. Trooper Dillard drove next to the vehicle and motioned for the driver (appellant) to stop. Although appellant initially sped up, he eventually drove into a gas station parking lot near the building's front door. Appellant and his three passengers exited the vehicle and the passengers hid the vehicle's ignition key in the gas station. Trooper Dillard asked the driver for his license and registration, but appellant told him that he did not own the vehicle. Trooper Dillard arrested appellant for driving while under suspension. Later that day, a LEADS computer check showed that the SUV had been reported stolen in Cincinnati from a downtown street.
 {¶ 4} The Pickaway Country Grand Jury returned an indictment on March 1, 2002 and charged appellant with receiving stolen property in violation of R.C. 2913.51. He pled not guilty and the matter came on for jury trial on April 29, 2002.
 {¶ 5} At trial, Trooper Dillard testified that appellant admitted that he did not own the SUV and that he did not know who it belonged to. Appellant claimed that an acquaintance by the name of Dante Craig had given him permission to drive the SUV. Appellant could not, however, provide an address or phone number for Dante Craig so that the police could follow up on the lead.
 {¶ 6} Jay Johns, a vice president of the company that owned the vehicle, testified that he drove the SUV to Cincinnati the night of January 28th to meet someone for drinks. Johns testified that he drank too much that evening and had to leave the SUV parked on a Cincinnati street while his friend gave him a ride home. The next day, he could not find his keys or the SUV. At approximately 1:00 p.m., Johns reported the vehicle stolen to the Cincinnati police. Johns also explained that if someone had found his keys, they could have located the SUV by hitting the "panic button" and waiting for the vehicle to blare its horn and flash its lights. Although Johns initially testified that he did not give anyone permission to drive the SUV, he later admitted that he was so intoxicated that he could not remember having given anyone such permission.
 {¶ 7} At the conclusion of the prosecution's case in chief, the defense moved for a Crim.R. 29 judgment of acquittal. Appellant argued that the prosecution introduced insufficient evidence to establish that (1) the SUV had been, in fact, stolen and (2) that appellant knew, or had reasonable cause to believe, that the vehicle was stolen. The trial court denied the motion. After the jury returned a guilty verdict, the court entered judgment and sentenced appellant to twelve months imprisonment. This appeal followed.
 {¶ 8} Appellant argues in his assignment of error that the trial court erred by overruling his Crim.R. 29 motion for judgment of acquittal. Specifically, appellant contends that the prosecution introduced insufficient evidence to establish that the vehicle was stolen. We disagree.
 {¶ 9} Our analysis begins from the premise that judgment of acquittal under Crim.R. 29 should only be entered if the evidence is insufficient to sustain a conviction for the charged offense. See Statev. Daugherty (Jun. 28, 2001), Ross App. No. 00CA2572; State v. Meadows
(Feb. 12, 2001), Scioto App. No. 99CA2651. Courts should not enter judgments of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether the prosecution has proven each essential element of the offense beyond a reasonable doubt. See State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, at the syllabus.
 {¶ 10} In determining whether a trial court erred by overruling a motion for judgment of acquittal, reviewing courts must focus on the sufficiency of the evidence. See e.g. State v. Carter (1995),72 Ohio St.3d 545, 553, 651 N.E.2d 965; State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N.E.2d 492. When an appellate court reviews the sufficiency of the evidence, the inquiry is directed to the adequacy of evidence; that is, whether the evidence, if believed, reasonably supports a finding of guilt beyond a reasonable doubt. Jenks, supra at 273; State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Thus, the standard of review is whether, after viewing the evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jenks, supra at 273;State v. Jones (2000), 90 Ohio St.3d 403, 417, 739 N.E.2d 300; State v.Dennis (1997), 79 Ohio St.3d 421, 430, 683 N.E.2d 1096; also see Jacksonv. Virginia (1979), 443 U.S. 307, 319, 61 L.E.2d 560, 99 S.Ct. 2781. Further, reviewing courts are admonished not to assess whether the prosecution's evidence is credible, but, whether, if credible the evidence would support a conviction. See Thompkins, supra at 390 (Cook, J. Concurring); also see Daugherty, supra.
 {¶ 11} When we apply the foregoing principles to the case sub judice, we conclude that sufficient evidence supports appellant's conviction. Johns testified that he did not, to the best of his recollection, give permission to anyone to take possession of the SUV that evening. Although he later conceded that he was drunk, he stated that he could not remember giving permission to anyone named Dante Craig to use his vehicle. Johns further testified he did not know anyone by that name. As the prosecution aptly notes in its brief, theft of property is not an element of the offense of receiving stolen property. The provisions of R.C. 2913.51(A) state that no person "shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense." Many Ohio courts have held that in receiving stolen property cases, the prosecution is not required to prove the underlying theft offense. See State v. Johnson (Mar. 6, 1995), Athens App. No. 93CA1601 ("The statute does not require that the underlying `theft offense' be proven."); State v. Lyons (Mar. 6, 1985), Summit App. No. 11779 ("Theft is not a necessary element of the crime of receiving stolen property.") Thus, the prosecution is only required to prove that appellant received or retained property that he knew or had reasonable cause to believe was obtained through a theft offense. We believe that sufficient evidence was introduced at trial to support this conclusion. Appellant claimed that a Dante Craig gave him permission to drive the SUV. When questioned by Trooper Dillard, however, appellant gave no address, phone number or other way to reach Craig to verify that story. Unexplained possession of property soon after it is stolen provides a sufficient basis for the trier of fact to infer guilty knowledge on the part of someone charged with receiving stolen property. See State v. Davis (1988),49 Ohio App.3d 109, 112, 550 N.E.2d 966; Hamilton v. Johnson (Apr. 8, 2002), Butler App. No. CA2001-05-114; State v. Jenkins (Sep. 6, 2000), Pickaway App. No. 98CA31. The fact that appellant could not substantiate the circumstances under which he came into possession of the SUV and that the vehicle was recovered the same day that it was reported stolen provides a sufficient basis for the jury to find that appellant knew or should have known that the vehicle was stolen. After hearing the evidence adduced at trial, a reasonable juror could properly conclude that appellant knew, or had reasonable cause to believe, that the vehicle had been obtained through the commission of a theft offense.
 {¶ 12} For all these reasons, we find no merit in appellant's assignment of error and it is hereby overruled. Accordingly, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment Opinion.